IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO FARM CREDIT, ACA<br><br>Plaintiff<br><br>v.<br><br>NESTOR COLÓN MEDINA Y SUCESORES, INC.; TRINIDAD GARCÍA; MÁXIMO JOSÉ CERAME VIVAS, also known as MÁXIMO J. CERAME VIVAS; RITA CERAME COLÓN; JORGE L. CERAME COLÓN; NESTOR E. CERAME COLÓN; VICTORIA CERAME COLÓN.<br><br>Defendants | CIVIL NO. 04-2265 (SEC)<br><br>COLLECTION OF MONEY AND FORECLOSURE OF MORTGAGE |

**JUDGMENT**

Upon plaintiff's application for Judgment, and it appearing from the records of the above entitled cause that default was entered by the Clerk of this Court against defendants Nestor Colón Medina y Sucesores, Inc., Máximo J. Cerame Vivas, Rita Cerame Colón, Jorge L. Cerame Colón, Nestor E. Cerame Colón, Victoria Cerame Colón and Martín Cerame Colón, against which defendants plaintiff is entitled to a judgment by default, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The mortgage constituted by Nestor Colón Medina y Sucesores, Inc., and Máximo J. Cerame Vivas, the deceased Rita M. Colón de Cerame and the deceased Trinidad García as joint and several guarantors by Deed Number 4 of Voluntary Mortgage before Notary Public Antonio Zapater Cajigas on February 10, 1983, securing

Judgment
Civil No. 04-2265 (SEC)
Page 2

a mortgage note, payable to the order of the Federal Land Bank of Baltimore, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of the defendants in the above cause, on the mortgaged premises, as described in paragraph fourteen (14) of the complaint on file in the above cause, to wit:

### PROPERTY "A"

"RUSTICA: Predio de terreno sin nombre conocido radicado en el barrio Marueño, sitio nombrado Mato, de Ponce, con cabida de Diez y Seis cuerdas, quince céntimos de otra, mas o menos, equivalentes a Seis hectáreas, Treinta y Cuatro áreas y Setenta y Seis centiáreas, pero que según mensura en el mes de abril de mil novecientos veinte y cuatro por el ingeniero don Carlos Clausells, resultó tener una cabida de Diez y Seis cuerdas once céntimos, equivalentes a seis hectáreas, treinta y tres áreas y diecinueve centiáreas; lindando hoy por el Norte y Oeste, con Sucesión de Manuel Colón Luna; por el Este, con el Río Marueño y terrenos de don Acisclo Pérez y doña Manuela Luna y por el Sur con los propios terrenos de la Sucesión Colón Luna, la de Rosa Luna y los de los consortes Colón Luna y los de los consortes don Asisclo Pérez y doña Manuela Luna y además, por el Este y Sur con Rosa Luna. Contiene una casa de maquinaria, una de vivienda y bohío para arrimados."

The mortgage that encumbers this property that is being foreclosed herein is recorded at page 218 over of volume 207 of Ponce II, twenty second ($22^d$) inscription of property number 5,479, Registry of Property, First (1st) Section of Ponce.

### PROPERTY "B"

"RUSTICA: Predio de terreno compuesto de Ciento Ochenta cuerdas con Cuarenta y Tres Céntimos de otra, equivalentes a setenta hectáreas, noventa y una áreas, ochenta y dos centiáreas, radicado en el Barrio Marueño del término municipal de Ponce, en colindancias por el Norte, con más terrenos de Néstor Colón Medina y Antonio Batis; por el Sur, con terrenos de Néstor Colón

Judgment
Civil No. 04-2265 (SEC)
Page 3

Medina y Antonio Batis; por el Este, con terrenos de la Sucesión de don Dionisio Lotti, Antonio Batis y Ramón Quintana y por el Oeste, con terrenos de Felipe Colón Medina, Antonio Batis y Clemente Bartolomei."

The mortgage that encumbers this property that is being foreclosed herein is recorded at page 41 over of volume 333 of Ponce, thirteenth (13th) inscription of property number 5,474, Registry of Property, First (1st) Section of Ponce.

### PROPERTY "C"

"RUSTICA: Radicada en el Barrio Marueño Arriba, del término municipal de Ponce, con una cabida de Seis Cuerdas, equivalentes a Dos hectáreas, Treinta y Cinco áreas y Ochenta y dos centiáreas, en colindancias por el Norte, con terrenos de Antonio Batis; por el Este, con terrenos de Juan Colón Medina y por el Sur y Oeste, con una quebrada".

The mortgage that encumbers this property that is being foreclosed herein is recorded at page 166 over of volume 702 of Ponce II, ninth (9th) inscription of property number 5,486, Registry of Property, Second (2d) Section of Ponce.

### PROPERTY "D"

"RUSTICA: Predio de terreno que radica en el Barrio Marueño de Ponce, con una cabida de Treinta cuerdas y Veintisiete céntimos de otra, que equivalen a Once hectáreas, Ochenta y Nueve áreas y Sesenta y Una centiáreas, en lindes por el Norte, con Fidel Negrón, Graciela Chamorro Colón, Cristóbal Hernández y Adolfino, Julio y Aparicio Chamorro; por el Este, con el Río Marueño; al Sur, la Quebrada Caimito que la separa de José Dolores Vázquez y Fausto Velázquez y por el Oeste, Fidel Negrón y Graciela Chamorro Colón".

The mortgage that encumbers this property that is being foreclosed herein is recorded at page 171 over of volume 702 of Ponce II, fifteenth (15th) inscription of property number 5,487, Registry of Property, Second ($2^d$) Section of Ponce.

### PROPERTY "E"

"RUSTICA: Porción de terreno radicado en el Barrio Marueño del término municipal de Ponce, con una cabida de veinte y seis cuerdas veinte y nueve céntimos, equivalentes a diez hectáreas, treinta y tres áreas y treinta centiáreas, en lindes actualmente por el Norte con terrenos que fueron de doña Celestina Morales hoy de don Ramón Quintana, teniendo de por medio una quebrada y además con terrenos de la Sucesión de don Manuel Colón Luna; por el Sur, con terrenos de don Manuel Velázquez, teniendo de por medio otra quebrada y con mas terrenos de don Ramón Quintana, que fueron antes de la Sucesión de don Sandalio Rivera; por el Este, con terrenos hoy de don Leocadio Rivera Velázquez antes de José Antonio Rivera y en parte con los mismos terrenos de don Ramón Quintana, lindante por el Sur y por el Oeste, con terrenos de la Sucesión de don Manuel Colón Luna. Esta finca en su parte Oeste la atraviesa el Río Marueño de Norte a Sur."

The mortgage that encumbers this property that is being foreclosed herein is recorded at page 135 of volume 972 of Ponce, thirteenth (13th) inscription of property number 5,480, Registry of Property, First (1st) Section of Ponce.

2. That plaintiff Puerto Rico Farm Credit, ACA, a corporation existing under the Act of Congress known as the Agricultural Credit Act of 1987, 12. U.S.C.A. 2001, is a federally chartered instrumentality of the United States of America.

3. That defendants Nestor Colón Medina & Sucesores, Inc. and Máximo J. Cerame Vivas as subscribers of the Deed of Mortgage hereinbefore referred to and Rita Cerame Colón, Jorge L. Cerame Colón, Nestor E. Cerame Colón, Victoria Cerame

Judgment
Civil No. 04-2265 (SEC)
Page 5

Colón and Martín Cerame Colón as legal heirs of Trinidad García and Rita M. Colón de Cerame and as present owners of the mortgaged property described above are hereby ordered and adjudged to pay unto the plaintiff Puerto Rico Farm Credit, ACA, the following amounts: The sum of $42,723.64 of principal; plus $3,755.43 accrued interest on principal as of October 28, 2004, plus interest on unmatured principal accruing thereafter at the rate of 7.25% equivalent to $7.33 daily until the date of its full payment, plus $400.00 for expenses related to the cancellation of a mortgage note, less $624.62 in unnapplied payments, plus the sum of $10,000.00 as a fixed and liquid amount for the costs, expenses and attorneys fees.

4. In default of the payment of the sums hereinbefore specified or of any part thereof, within ten (10) days from the date of entry of this judgment, the mortgaged property described in paragraph one (1) hereof, shall be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

5. José Gallart, Esq. and/or Cristina Alcaraz, Esq. is hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by this Court.

6. The sale to be made by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall

Judgment
Civil No. 04-2265 (SEC)
Page 6

be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $130,000.00, that is, $7,800.00 for Property "A", $91,000.00 for Property "B", $2,600.00 for Property "C", $15,600.00 for Property "D" and $13,000.00 for Property "E". For the second public sale, the minimum bid is $86,666.66, that is, $5,200.00 for Property "A", $60,666.66 for Property "B", $1,733.33 for Property "C", $10,400.00 for Property "D" and $8,666.66 for Property "E". For the third public sale, the minimum bid is $65,000.00, that is, $3,900.00 for Property "A", $45,500.00 for Property "B", $1,300.00 for Property "C", $7,800.00 for Property "D" and $6,500.00 for Property "E".

7. Any fund derived from the sale to be made in accordance with the terms of this Order and such further orders of this Court shall be applied as follows:

(a) To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum of $10,000.00, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

(b) To the payment of all expenses or advances made by the plaintiff for an amount not to exceed $10,000.00.

(c) To the payment of that part of the indebtedness owed to plaintiff up to the amount of $42,723.64 of principal; plus $3,755.43 accrued interest on principal as

of October 28, 2004, plus interest on unmatured principal accruing thereafter at the rate of 7.25% equivalent to $7.33 daily until the date of its full payment, plus $400.00 for expenses related to the cancellation of a mortgage note, less $624.62 in unapplied payments, plus the sum of $10,000.00 as a fixed and liquid amount for the costs, expenses and attorneys fees.

(d) If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

8. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interests, in accordance with the terms of this judgment.

IT IS ORDERED.

At San Juan, Puerto Rico, this 22 day of JUNE, 2006.

U.S. SENIOR DISTRICT JUDGE